[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14575
Non-Argument Calendar

_____

D. C. Docket No. 05-00594-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFIAT DOLAPO AYORINDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 1, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Rafiat Dolapo Ayorinde appeals her 90-month sentence for possession with

intent to distribute and importation of at least one kilogram of heroin. Ayorinde argues that the district court clearly erred in finding that she was not entitled to a minor-role reduction. U.S.S.G. § 3B1.2. We affirm.

Customs and Border Patrol officers arrested Ayorinde when she arrived at the Atlanta airport with approximately ten kilograms of heroin hidden in her luggage. Ayorinde told the officers that she met "Chief" at a party in Nigeria, he introduced her to members of his drug cartel, and he convinced her to help him smuggle heroin into the United States. Ayorinde identified Chief's phone number in the memory of her cell phone. Ayorinde also confessed that she intended to be met by an accomplice at the airport, transported to a hotel, and paid $20,000.

At Ayorinde's sentencing hearing, Drug Enforcement Agency experts testified that ten kilograms of heroin is worth between $1.5 and $3 million and ten kilograms of heroin is a large seizure for the Atlanta airport. DEA experts also testified that it would be unusual for a common drug courier to know the name, face, or contact information of the head of a drug cartel, unusual for a cartel to trust a typical courier with a large quantity of drugs, and unusual to pay a first-time courier $20,000 per trip. The district court denied Ayorinde a minor-role reduction. The district court calculated Ayorinde's guideline range as 87 to 108 months and imposed a sentence of 90 months.

We review the determination of a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). A two-level reduction for a minor role is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." De Varon, 175 F. 3d at 939.

In De Varon, we established a two-part test to determine whether a mitigating-role reduction is appropriate. See id. at 940-45. The district court should first determine the defendant's role in the relevant conduct, and then consider the defendant's role compared to other participants in the relevant conduct. Id. at 940. "[W]hen a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. In the drug courier context, examples of relevant factors in determining the defendant's role include "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." Id. at 945.

The district court did not clearly err in denying Ayorinde a minor-role

3

reduction. The district court found that a drug courier ordinarily transports fewer than ten kilograms of heroin and makes less than $20,000. The district court also found that Ayorinde's knowledge of and connections with the other members of the drug cartel were consistent with an important role in the cartel. These findings were supported by the record.

Ayorinde erroneously argues that the district court relied on impermissible factors to deny her a minor role reduction. The district court based its determination on the large quantity of drugs Ayorinde carried, her sophistication, and her large courier fee. The other factors mentioned by the district court related to the offense for which Ayorinde was charged and the possibility that she was a small-time drug courier. The district court did not consider impermissible individual characteristics.

Even if the district court erred, any error was harmless. The district court explained that, if its denial of a minor-role reduction was erroneous, it would still enter the same sentence based on the statutory factors of sentencing. 18 U.S.C. § 3553(a). Because Ayorinde does not even attempt to argue that her sentence was substantively unreasonable, her appeal fails based on the alternative ruling of the district court.

Ayorinde's sentence is **AFFIRMED.**

4